**Ron SIMMAT, Plaintiff,**

v.

**N. Wayne SMITH, et al., Defendants.**

**No. 84 Civ. 4558 (KTD).**

United States District Court,
S.D. New York.

Dec. 14, 1984.

---

**3.** Rule 54(a) and (b).

Ron Simmat, plaintiff, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants; Frederick M. Lawrence, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

*Pro se* plaintiff, Ron Simmat, moves for a preliminary injunction enjoining defendants, N. Wayne Smith, *et al.*, from denying plaintiff the right to send correspondence to correctional officers. Defendants oppose plaintiff's motion and cross-move for summary judgment. For the reasons that follow, defendants' summary judgment motion is granted and, accordingly, plaintiff's motion for a preliminary injunction is denied.

Plaintiff is a prison inmate serving a life sentence at the Federal Correctional Institute, Otisville, New York ("Otisville"). On March 30, 1984, he wrote a letter to the United States Attorney General, William French Smith, and sent a copy of the letter to Prison Guard Barbara McInturff. On April 4, 1984, plaintiff was instructed by N. Wayne Smith, the Chief Correctional Supervisor at Otisville, "to terminate sending mail to Correctional Officers," and if plaintiff "had any mail to go to any Correctional Officer, he was to forward the mail directly to [Smith]." Affidavit of N. Wayne Smith, Exh. B. (Incident Report dated April 8, 1984). Because he refused to follow this procedure, the Institution Discipline Committee ("IDC") sentenced plaintiff to fifteen days of Disciplinary Segregation time. Choosing not to appeal at the institutional level, plaintiff unsuccessfully appealed the IDC's decision to the Regional and Central Offices of the Bureau of Prisons.

Plaintiff has filed the instant action alleging, *inter alia*, violation of his First Amendment right to freedom of speech and seeking declaratory and injunctive relief. Plaintiff also seeks money damages for the violation of his constitutional rights pursuant to the Supreme Court's decision in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). The government has moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies and that he is unable to show a violation of his constitutional rights.

The procedures an inmate should follow in pursuing an administrative remedy for his complaint are set forth in 28 C.F.R. § 542.10 *et seq.* Unless the complaint is of a sensitive nature, it should first be filed with the Warden of the institution. 28 C.F.R. § 542.13. Then, "[i]f an inmate is not satisfied with the Warden's response, that response may be appealed ... to the Regional Director.... If the inmate is not satisfied with the Regional Director's response, that response may be appealed to the General Counsel." 28 C.F.R. § 542.15.

As noted above, plaintiff failed to first appeal the IDC's decision to the Warden. Rather, he appealed directly to the Regional Director and then to the General Counsel. Both the Regional and Central offices refused to review the merits of plaintiff's complaint because it was not first submitted to the Warden at Otisville and was

19

**20**

not of a sensitive nature. *See* Complaint, Exhs. H and J. Plaintiff alleges that he does not have to exhaust his administrative remedies because (1) his complaint is sensitive, and (2) his suit is a *Bivens*-type claim.

Based on the papers submitted, plaintiff's contention that his complaint is sensitive and that he would be endangering himself if he appealed to the Warden simply has no basis in fact. Thus, I concur with the Regional and Central Offices that the issues raised by plaintiff are not so sensitive as to justify precluding an initial review by the Warden.

Plaintiff's second argument, that exhaustion of administrative remedies is not required in a *Bivens*-type action, is also unpersuasive. Plaintiff cites a recent Third Circuit decision in support of his position. In *Muhammad v. Carlson*, the court stated that "[b]ecause a prisoner asserting only a claim for damages under *Bivens* apparently can obtain no relief from the Bureau of Prisons, it would serve little purpose to require him to exhaust administrative remedies before coming into the courts." 739 F.2d 122, 125 (3d Cir.1984) (citations omitted). However, the court went on to note that circuit courts "have required exhaustion of administrative remedies when the prisoner is seeking more than money damages." *Id.* at 125 n. 1 (citations omitted).

> This doctrine has been considered important to provide a possible solution to the problem; to reduce the intrusion of the courts into the administration of the prisons, ...; and to provide some fact-finding so that when or if the matter reaches the trial court, it will have some starting place.... The initial administrative action would ordinarily be where the witnesses are readily available.

*Brice v. Day*, 604 F.2d 664, 667 (10th Cir. 1979) (citations omitted). Moreover, a prisoner should not be permitted to circumvent the soundly reasoned and firmly established policy that administrative procedures be exhausted prior to review by a federal district court simply by asserting, in addi-

tion to his other claims for relief, a *Bivens*-type claim.

Thus, as I find that plaintiff has failed to exhaust his administrative remedies, I need not address the government's argument that plaintiff is unable to show a violation of his constitutional rights. Accordingly, plaintiff's motion for a preliminary injunction is denied as moot, defendants' motion for summary judgment is granted and the complaint is dismissed.

SO ORDERED.