898 F.2d 849
 Harvey JOHNPOLL, Appellant,
v.
Dick THORNBURGH,* Attorney General of the United
States, Appellee.
Nos. 567, 568, Dockets 88-2131, 88-3019.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1989.
Decided March 6, 1990.
 
 Iain A.W. Nasatir, Kaye, Scholer, Fierman, Hays & Handler, New York City, for appellant.
 William C. Pericak, Asst. U.S. Atty. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., David R. Homer, Asst. U.S. Atty., Patricia H. Jordan, J.D., Paralegal Specialist, of counsel), for appellee.
 Before OAKES, Chief Judge, PRATT, Circuit Judge, and SAND, District Judge.**
 PER CURIAM:
 
 
 1
 Harvey Johnpoll appeals from an order dated January 30, 1988, of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Judge, denying his petition for a show cause order seeking declaratory and preliminary injunctive relief, including a stay of collection procedures under the Inmate Responsibility Program (IFRP), 28 C.F.R. Secs. 545.10-545.11 (1989), and denying his motion for class certification. We affirm.
 
 
 2
 The Bureau of Prisons has established administrative remedy procedures by which a federal inmate may seek formal review of a complaint which "relates to any aspect of his imprisonment." See 28 C.F.R. Sec. 542.10 (1989). These procedures are subject to strict time limits to prevent undue delay. See 28 C.F.R. Secs. 542.13-542.15 (1989).
 
 
 3
 Johnpoll has not attempted to pursue administrative remedies, but contends that prison officials' collection of civil judgments (such as rent owing to a landlord) under the IFRP does not "relate[ ] to any aspect of his imprisonment," and thus that grievances relating to the program are not generally required by federal regulations to be submitted to administrative remedy procedures. We do not agree. Although the IFRP covers obligations beyond that owed as restitution for crimes, see 28 C.F.R. Sec. 545.11, it serves a valid penological objective of rehabilitation by facilitating repayment of debts. See James v. Quinlan, 866 F.2d 627, 630 (3d Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989).
 
 
 4
 Johnpoll has not adequately alleged that preconceived biases of prison officials have rendered the administrative grievance process futile. The bare assertion in his complaint as to animosity by one case unit manager is not sufficient to show futility of the entire administrative process, especially since he has since been transferred to another institution.
 
 
 5
 Nor can we agree with Johnpoll's blanket assertion that constitutional claims are exempt from the administrative exhaustion requirement. A federal prisoner alleging constitutional claims as a basis for injunctive relief is not generally exempt from exhausting federal administrative remedies. See Lyons v. U.S. Marshals, 840 F.2d 202, 204 (3d Cir.1988); Miller v. Stanmore, 636 F.2d 986, 991 n. 5 (5th Cir. Unit A Feb. 1981); Simmat v. Smith, 602 F.Supp. 18, 20 (S.D.N.Y.1984), aff'd, 779 F.2d 38 (2d Cir.1985).[1] This is not to say, however, that a federal prisoner must exhaust administrative remedies if administrative procedures are either not reasonably available or otherwise inadequate. See J.G. v. Board of Educ., 830 F.2d 444, 447 (2d Cir.1987). Because administrative remedies are available to Johnpoll, his constitutional claims are not exempt from administrative exhaustion requirements, except to the extent that the administrative procedures are incompetent to provide redress, for example, to redress a challenge to the constitutional validity of a statute or regulation. See Finnerty v. Cowen, 508 F.2d 979, 981-83 (2d Cir.1974) (no exhaustion required where plaintiff challenges constitutionality of administrative process used by agency).
 
 
 6
 Johnpoll's first constitutional claim, based on alleged coercive tactics used to collect fines, challenges the practice of prison officials rather than the policy under which they are acting, and is therefore redressable by prison officials. The constitutional exception to the exhaustion requirement does not permit a federal inmate to bypass administrative procedures for any alleged unfair practice of prison officials simply by converting his claim into a due process cause of action. Moreover, economic loss does not in and of itself generally constitute "irreparable injury" which might excuse requiring a plaintiff to exhaust administrative remedies and justify preliminary injunctive relief. See Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 108-09 (D.C.Cir.1986).
 
 
 7
 Johnpoll's next two constitutional challenges, on the other hand, attack the constitutionality of the IFRP itself. Administrative authorities are not competent to address such claims, and no useful function would be served by administrative factfinding. Nevertheless, as discussed below, the likelihood of success on the merits of these claims is so slight as to make denial of preliminary injunctive relief appropriate.
 
 
 8
 Johnpoll's constitutional challenge to the authority of the Bureau of Prisons to collect moneys owing for civil judgments must fail, because the IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation. See Prows v. United States Dep't of Justice, 704 F.Supp. 272, 274-75 (D.D.C.1988). The Bureau of Prisons' collection of fines is not inconsistent with or preempted by the Attorney General's delegation to assistant attorneys general and United States attorneys of responsibility for collection of judgments and fines, see 28 C.F.R. Sec. 0.171 (1989), because there is no reason to presume that this delegated power is exclusive. Therefore, the Bureau of Prisons has not exceeded its statutory authority, nor departed from its own regulations, by administering a program to collect court-ordered civil judgments or fines.
 
 
 9
 The third constitutional challenge is that not permitting Johnpoll to opt out of the IFRP is punitive in nature and therefore violates due process. Even though IFRP regulations may allow prison officials to require that all inmates with debts participate in the program, see 28 C.F.R. Sec. 545.11, Johnpoll's compelled participation is not punitive because, as noted above, it was "reasonably related to a legitimate governmental objective" of rehabilitation. See Bell v. Wolfish, 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447 (1979).[2]
 
 
 10
 Given the dim likelihood of success and the availability of administrative remedy procedures, we see no reason why the district court should have to hold an evidentiary hearing on Johnpoll's petition for an order to show cause.
 
 
 11
 Provided that the district court has applied the proper legal standards in deciding whether to certify a class, its decision may only be overturned if it constitutes an abuse of discretion. See Adamson v. Bowen, 855 F.2d 668, 675 (10th Cir.1988). The district court did not abuse its discretion in finding that Johnpoll did not define the class he seeks to represent with sufficient particularity and that he did not demonstrate his ability to represent adequately the interests of the putative class. We suppose it well within the district court's discretion to consider a later class certification motion that defines the class with more particularity and demonstrates that Johnpoll, now represented by counsel, might adequately represent the class.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 *
 Pursuant to Federal Rule of Appellate Procedure 43(c)(1), Attorney General Dick Thornburgh's name has been substituted for that of former Attorney General Edwin Meese, Jr
 
 
 **
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Although a state prisoner alleging claims under 42 U.S.C. Sec. 1983 (1982) need not exhaust state administrative remedies, see Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), we feel Patsy 's exemption for section 1983 claims is not applicable here, because it depends in large part on the particular legislative history of section 1983, especially congressional mistrust of factfinding procedures of state institutions. See id. at 502-07, 102 S.Ct. at 2560-63
 
 
 [2]
 Johnpoll now asserts he was not even enlisted in the IFRP program. If this is so, it has two implications. First, it strengthens his claim to deprivation of due process by prison officials' attempt to collect fines with no apparent basis, but prison administrative procedures are competent to redress such a claim. Second, it means that Johnpoll has not been injured by administration of the IFRP; therefore, his second and third constitutional claims fail for lack of standing