972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando BUSTILLO, Petitioner-Appellant,
v.
Michael J. QUINLAN, Director, Federal Bureau of Prisons;
C.R. Edwards, Regional Director; W. Seifert, Warden, of the
Metropolitan Detention Center; R.L. Elmer, Captain, et al.,
Respondents-Appellees.
 No. 91-55288.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 23, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Bustillo, a federal prisoner, appeals pro se the dismissal of his civil rights action without prejudice for failure to exhaust administrative remedies. We reverse.
 
 BACKGROUND
 
 3
 Bustillo filed a pro se civil rights complaint against federal prison officials on October 5, 1990. The complaint form asked if the plaintiff had used a prison grievance procedure. Bustillo stated that he submitted an initial complaint form but the "[prison] staff refused to respond." Bustillo alleged that "[d]uring the months of June, July and August, 1990, plaintiff has requested administrative remedy forms from defendants P. Lucas and I. Kennedy and defendants have summarily denied the requests." The complaint also stated that "Defendants P. Lucas and I. Kennedy have refused to respond to numerous requests made out via the Inmate Request to Staff member requesting access to legal materials and the administrative remedy procedure." Bustillo also alleged that "[o]n July 17, and July 22, 1990, plaintiff wrote defendants Quinlan, Edwards and the Warden of the Metropolitan Detention Center, describing numerous complaints outlined in the preceding paragraphs, and defendants refused to respond...." Bustillo further alleged that he was denied regular access to the law library and that he was unable to inform the courts of his change of address. Bustillo asked for declaratory relief, injunctive relief, and $200,000 in damages.
 
 
 4
 On October 10, 1990, the magistrate judge recommended that the action be dismissed without prejudice for failure to exhaust administrative remedies. The magistrate judge denied Bustillo's motion to proceed in forma pauperis on October 23, 1990 because of failure to exhaust administrative remedies. This denial was vacated on November 6, 1990.
 
 
 5
 Bustillo objected to the magistrate judge's recommended dismissal of his action. He argued that dismissal for failure to exhaust was improper because his complaint alleged that prison officials denied him the forms necessary to pursue administrative remedies. The magistrate judge issued a supplemental report which stated that Bustillo's allegations "are conclusory and without factual basis." The magistrate judge recommended that the order of dismissal "be amended to inform the jail officials that plaintiff is entitled to file for relief using his administrative remedies, and that any obstruction of those rights or denial of access to administrative remedies would subject the officials to the scrutiny of the Court."
 
 
 6
 The district court adopted the findings and conclusions of the magistrate and dismissed the action without prejudice, advising prison officials not to interfere with Bustillo's access to administrative remedies. The district court did not rule on Bustillo's motion for leave to proceed in forma pauperis. Bustillo's complaint was never served.
 
 DISCUSSION
 
 7
 "[O]rdinarily, a federal prisoner seeking both damages and injunctive relief cannot bring a Bivens action until he or she has first exhausted any available administrative remedies." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991). "Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Id. (citing Lyons v. United States Marshals, 840 F.2d 202, 205 (3rd Cir.1988)). Applying this test, the Lyons court recognized that an administrative remedy may be inadequate if a prisoner is denied access to remedial procedures. 840 F.2d at 205-206. See also Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir.) (federal prisoner need not exhaust administrative remedies if administrative procedures are not reasonably available), cert. denied, --- U.S. ----, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990); cf. Francis v. Rison, 894 F.2d 353, 354 (9th Cir.1990) (interference by prison officials may excuse habeas petitioner's procedural default).
 
 
 8
 We review for abuse of discretion the district court's dismissal without prejudice for failure to exhaust administrative remedies. United States v. Orr Water Ditch Co., 914 F.2d 1302, 1307 (9th Cir.1990). The district court abused its discretion by summarily dismissing Bustillo's complaint for failure to exhaust administrative remedies. Bustillo's allegations, if proven, might well excuse him from the exhaustion requirement. Merely telling prison officials that continued denial of access to administrative remedies "could subject [them] to the scrutiny of the Court" is no substitute for adjudicating a prisoner's claims. A prisoner can hardly be expected to do more than ask the prison officials--including the warden in this case--for access to the administrative procedure.
 
 
 9
 The district court never granted Bustillo's motion to proceed in forma pauperis, the marshals were never directed to serve Bustillo's complaint, and no response was received from prison officials. However, because the complaint clearly alleged that Bustillo was deprived of the use of the administrative process, he ought to be allowed to proceed. Of course, we express no opinion on whether he can prove that he was deprived of an administrative remedy, and if so, whether he can demonstrate that he is entitled to prevail on his complaint. We only hold that dismissal of his complaint without giving him an opportunity to try was improper.
 
 
 10
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3