**Dillard E. KELLEY, Sr., Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

**No. 93–3169–RDR.**

United States District Court, D. Kansas.

Oct. 20, 1993.

Dillard E. Kelley, pro se.

Annette B. Gurney, Office of U.S. Atty., Wichita, KS, for defendants.

*MEMORANDUM AND ORDER*

ROGERS, District Judge.

Plaintiff appears pro se and proceeds in forma pauperis on a *Bivens* complaint filed under 28 U.S.C. § 1331.[1] Before the court is

---

1. Despite plaintiff's assertion of jurisdiction under other federal statutes, given the nature of the claims raised and the relief requested, the court finds it appropriate to consider plaintiff's complaint as a *Bivens* action in which plaintiff seeks

defendant's MOTION TO DISMISS (Doc. 25) and plaintiff's response thereto (Doc. 28). Because documents beyond the complaint have been submitted and are considered by the court, defendant's motion is treated as a motion for summary judgment. *Miller v. Glanz,* 948 F.2d 1562 (10th Cir.1991).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). Although the court must resolve all factual disputes and draw all inferences in favor of the nonmoving party, *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.,* 899 F.2d 951, 979 (10th Cir.), *cert. denied,* 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), a party opposing a motion for summary judgment may not rest on mere allegations or denials to demonstrate there is a genuine issue of material fact for trial, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Where the moving party demonstrates an absence of genuine issue of material fact, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. Fed. R.Civ.P. 56(e); *Abercrombie v. City of Catoosa, Okl.,* 896 F.2d 1228, 1230 (10th Cir.1990). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The summary judgment rule is to be interpreted in a way that allows the court to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In the present case, plaintiff was sentenced in 1989 to a term of imprisonment, and to pay a fine of one million dollars and a special assessment of $50. While incarcerated at United States Penitentiary in Leavenworth, Kansas (USPLVN), plaintiff refused to pay anything toward his court imposed fine. Plaintiff seeks a court determination that he injunctive and declaratory relief, as well as dam-

was wrongfully placed on refusal status under the Inmate Financial Responsibility Program (IFRP), and he seeks injunctive relief to prevent prison officials from designating plaintiff as refusing to comply with IFRP. Plaintiff also seeks damages for alleged physical and emotional suffering which plaintiff claims resulted when plaintiff was denied certain prison privileges while in "Refusal" status.

The record reflects that plaintiff's special assessment was paid in November 1989. On July 30, 1993, plaintiff's status was changed from "Refusal" to "Participation" after plaintiff submitted to USPLVN officials copies of a third party's Writ of Continuing Garnishment against proceeds due plaintiff on a land contract, and it was determined this garnishment could satisfy plaintiff's IFRP obligation. Plaintiff's request for injunctive relief, therefore, is now moot.

■ To establish a *Bivens* cause of action, a party must have some evidence to support finding that a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277, *reh'g denied,* — U.S. —, 111 S.Ct. 2920, 115 L.Ed.2d 1084 (1991) (conduct alleged must rise to the level of a constitutional violation to support *Bivens* claim). In the present case, the court finds no such violation.

■ The court rejects plaintiff's conclusory claim that defendants conspired to coerce or extort payment from plaintiff through the IFRP. The Inmate Financial Responsibility Program establishes a procedure for encouraging inmates to pay their legitimate financial obligations. 28 C.F.R. § 545.10. During the inmate's initial classification, the inmate and the inmate's unit team are to develop a financial repayment plan. *Id.* An inmate's compliance with the repayment plan is to be monitored by unit staff. 28 C.F.R. § 545.11 "Fines and court costs" are specifically included in the obligations that are subject to ages.

1318

the inmate's IFRP plan. 28 C.F.R. § 545.-11(a)(3). The regulation details the consequences if an inmate refuses to participate in IFRP or to comply with the inmate's financial plan. 28 C.F.R. § 545.11(d). *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir.1990) (IFRP serves valid penological interests and is consistent with BOP's authorization, under direction of Attorney General, to provide rehabilitation and reform).

The heart of plaintiff's complaint appears to be his claim that he is not required to pay on his court imposed fine because the sentencing court did not set a repayment plan. Instead, plaintiff contends the sentencing court recognized that plaintiff would not be able to pay the fine. The court finds plaintiff's claim is based on too narrow a reading of the prison regulations, and on too broad a reading of the sentencing court's comments.

The regulation at issue simply reads that an inmate's financial plan will include "... (3) Fines and court costs ..." 28 C.F.R. § 545.11(a)(1). This regulation is reflected in Federal Bureau of Prisons Program Statement 5380.02. P.S. 5380.02 includes an explanatory note which indicates "[t]he court may establish a payment schedule or a deferred payment date to satisfy an order of restitution or a fine." A plain reading of the explanatory note fails to reveal any mandated restriction on section (3) of the federal regulation, and it certainly does not require a *court* established payment schedule before repayment of an inmate's fine is subject to IFRP.

 The court also finds no merit to plaintiff's claim regarding the sentencing court's comment on plaintiff's ability to pay the fine. Plaintiff provides a partial transcript of his sentencing, in which that court states: "And a fine as suggested by the Government, whether or not it can all be paid or not is not my concern, but I think a fine of one million dollars is appropriate." (Partial transcript attached to plaintiff's complaint.) The court rejects plaintiff's argument that this statement is sufficient to reflect a finding by the

sentencing court that plaintiff did not have to pay his fine until after plaintiff was released. The judgment in plaintiff's criminal action states only that "The defendant is fined $1,000,000." (Doc. 25, Exhibit C.) To the extent plaintiff complains the fine imposed was beyond that authorized by statute, that claim is not properly before this court.

Finding no material fact in controversy, and finding no merit to plaintiff's claims of constitutional deprivation, the court concludes defendants are entitled to judgment as a matter of law. Accordingly,[2]

IT IS ORDERED that defendants' motion for summary judgment (Doc. 25) is hereby granted.

**2.** Also before the court is defendants' MOTION FOR EXTENSION OF TIME (Doc. 30) in which to file a reply to plaintiff's response to defendants' motion to dismiss. Given the findings of the court and the conclusion reached herein, defendants' reply is unnecessary. Defendants' motion is denied.