46 F.3d 3
 18 Employee Benefits Cas. 2925
 William COFFRAN, Plaintiff-Appellee,
v.
BOARD OF TRUSTEES OF the NEW YORK CITY PENSION FUND, Raymond
C. Kelly, Commissioner of Police, and Chairman of the Board
of Trustees of the Police Pension Fund, The Article II
Medical Board, Eloise Archibald, Director, Psychological
Services Division, NYCPD, and Robert E. Thomas, Supervising
Chief Surgeon, NYCPD, Defendants-Appellants.
 No. 578, Docket 94-7069.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 10, 1994.
Decided Nov. 28, 1994.
Opinion Filed Jan. 17, 1995.
 
 Rosemary Carroll, New York City (Kliegerman & Friess, on the brief), for plaintiff-appellee.
 Pamela Dolgow, New York City (Paul A. Crotty, Corp. Counsel of City of New York, Charles L. Finke, Elizabeth S. Natrella, on the brief), for defendants-appellants.
 Before: FEINBERG, KEARSE, and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Board of Trustees of the New York City Pension Fund (the "Board") and various New York City officials (all defendants collectively "the City"), appeal from a judgment of the United States District Court for the Southern District of New York, John F. Keenan, Judge, (a) ruling that the City's failure to hold an adjudicative hearing before deciding that plaintiff William Coffran is to be retired involuntarily on the basis of a psychiatric disability violated Coffran's constitutional right to due process, and (b) ordering the City to provide Coffran with process equivalent to that required under New York Civil Service Law Sec. 75 (McKinney 1983 & Supp.1995). 842 F.Supp. 723. The City makes various challenges to the judgment on its merits and contends in addition that Coffran's claim is not ripe for adjudication because the Board has not held a final vote in his case. Agreeing with the latter contention, we entered an order on November 28, 1994, vacating the judgment and remanding for dismissal of the complaint on the ground that the action is premature. On motion of defendants, we now publish the substance of that order.
 
 
 2
 A medical board of the City of New York, see N.Y.C.Admin.Code Sec. 13-223 (Cum.Supp.1993), has recommended to the Board that Coffran, a tenured New York City Police Sergeant, be retired involuntarily on the basis of a psychiatric disability. At the time the present action was commenced and adjudicated, the Board had not ruled on that recommendation.
 
 
 3
 Although "[e]xhaustion of administrative remedies is not required if adequate remedies are not reasonably available," J.G. v. Board of Education, 830 F.2d 444, 447 (2d Cir.1987); see also Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir.), cert. denied, 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990), the exhaustion-of-remedies principle is "conceptually distinct ... from the question whether an administrative action must be final before it is judicially reviewable," Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 192, 105 S.Ct. 3108, 3119, 87 L.Ed.2d 126 (1985). Under Article III of the Constitution, it is "axiomatic" that this Court may not exercise jurisdiction over a dispute unless the plaintiff shows " 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.' " Blum v. Yaretsky, 457 U.S. 991, 999, 102 S.Ct. 2777, 2783, 73 L.Ed.2d 534 (1982) (quoting Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979)). Where the challenged procedures have not been applied to the claimant, or where, after their application, the agency has not rendered a final decision adverse to the claimant, the Article III requirements have not been met. See generally Oriental Health Spa v. City of Fort Wayne, 864 F.2d 486, 489 (7th Cir.1988) (Article III court "cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotes omitted)); Vorbeck v. Schnicker, 660 F.2d 1260, 1265-66 (8th Cir.1981), cert. denied, 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982).
 
 
 4
 In the present case, it is undisputed that the Board, which is the ultimate decisionmaker in the proceeding against Coffran, has not rendered its decision. Though the authority of the Board to reject the recommendation of the medical advisory body is apparently limited, the Board nonetheless has discretion to order additional proceedings before the advisory body. Since the Board has not made a final decision, Coffran has not yet suffered cognizable injury, and indeed the injury he anticipates may not occur at all. We conclude, therefore, that the present action must be dismissed because the administrative proceedings are not ripe for review.
 
 
 5
 We note also that while this lawsuit has been pending, the Board has adopted a new set of procedures that, inter alia, expands one of the rights that Coffran here claims he should have been accorded, i.e., the right to have his medical expert present evidence in person to the medical advisory body. We are informed by the City that the new regulation will be applied to allow Coffran to have his own medical expert appear before the advisory body.
 
 
 6
 We have considered all of Coffran's arguments in support of federal jurisdiction and have found them to be without merit. The judgment of the district court is vacated, and the matter is remanded with instructions to dismiss the action on the ground that it is premature.