FILED
United States Court of Appeals
Tenth Circuit

**January 2, 2008**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

D'ANGELO D. DAVIS,

　　　　Petitioner-Appellant,

v.

RON WILEY,

　　　　Respondent-Appellee.

No. 07-1303

(D. of Colo.)

(D.C. No. 07-cv-1252-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Circuit Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

D'Angelo D. Davis, a federal prisoner appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we AFFIRM the district court's order.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

**I.**

Davis is currently in the custody of the United States Bureau of Prisons (BOP) at Florence, Colorado. As part of his sentence, Davis was required to pay special assessments and restitution arising from his convictions. In a § 2241 petition filed in the United States District Court for the District of Colorado,[1] Davis challenges the BOP's use of the Inmate Financial Responsibility Program (IFRP) to increase the amount he was paying on a quarterly basis.

**II.**

Davis's petition can be read to make out two distinct claims. In his first claim, he challenges the authority of the BOP to supervise his restitution plan, arguing the sentencing court cannot delegate that responsibility to the BOP under 18 U.S.C. § 3664. He relies on the Ninth Circuit's decision in *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005), which holds § 3664 prohibits a sentencing court from delegating to the BOP the task of establishing a schedule for the payment of court-ordered restitution. The Ninth Circuit's decision is consistent with our holding in *United States v. Overholt*, 307 F.3d 1231, 1255–56 (10th Cir. 2002), which reached the same conclusion.

To the extent this claim implicates the validity of Davis's sentence, we lack jurisdiction to entertain a challenge to the sentencing court's order of restitution.

---

[1] Because Davis is proceeding pro se, we construe his petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Davis can attack the validity of his sentence only through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him.  *See Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir. 1996) (holding a petition under § 2241 attacks the execution of a sentence, while a § 2255 petition attacks the validity of a judgment and sentence); *see also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (dismissing delegation claim brought under § 2241).  Thus, if Davis is to make an improper delegation claim, he must do so through a § 2255 petition filed with his sentencing court.

Davis's second claim appears to contest the BOP's authority under the IFRP to establish and enforce payment amounts Davis must follow in connection with the court-ordered special assessment and restitution.[2]  The IFRP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires participating inmates to commit a percentage of their prison employment earnings toward the payment of court-ordered restitution.  The BOP sets payment amounts based on the inmate's financial profile, including "the inmate's specific obligations, institution resources, and community resources."  *Id.* § 545.11(b).  Davis argues the BOP violated his due process rights by requiring him to participate in the payment program.

---

[2]  Because this claim attacks the execution of Davis's sentence, it is properly raised in a § 2241 petition.  *See Matheny*, 307 F.3d at 711–12.

Every court to consider a challenge to the IFRP's constitutionality has upheld it. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (noting the IFRP "has been uniformly upheld against constitutional attack"); *Dorman v. Thornburgh*, 955 F.2d 57, 58–59 (D.C. Cir. 1992) (holding the IFRP does not deprive inmates of constitutional rights to due process); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990) (holding that the BOP did not exceed its authority in establishing the IFRP and that the program does not violate due process); *see also United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (acknowledging the other circuits' holding the IFRP constitutional).

We agree with the other courts that have considered the BOP's authority to establish and operate the IFRP. The BOP does not violate due process by setting an individualized payment schedule for inmates for court-ordered restitution. As noted by the Second Circuit, the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll*, 898 F.2d at 850–51.

And while Davis's refusal to participate in the IFRP is not without consequences, *see* 28 C.F.R. § 545.11(d), the benefits that can be denied are not constitutionally guaranteed. *See, e.g.*, *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989) (inmates do not possess a liberty interest in prison job assignments). Moreover, mere inducements—such as the BOP's threat to alter

-4-

Davis's place of confinement—without more, "do[] not infringe on a prisoner's protected liberty interest." *Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989)).

In sum, the BOP is thus within its constitutional authority to establish and enforce payment amounts Davis must make towards the court-ordered special assessment and restitution.

## III.

Accordingly, we AFFIRM the district court's order dismissing Davis's § 2241 petition. Davis's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge