FILED
United States Court of Appeals
Tenth Circuit

October 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MONTGOMERY CARL AKERS,

      Petitioner-Appellant,

v.

BLAKE R. DAVIS, Warden,

      Respondent-Appellee.

No. 10-1028
(D.C. No. 1:10-CV-00130-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

Montgomery Carl Akers, a federal prisoner proceeding pro se, is subject to filing restrictions in the United States District Court for the District of Colorado that prohibit him from filing any civil actions pro se unless he first obtains leave of the court. *See Akers v. Sandoval*, No. 95-1306, 1996 WL 635309, at *2 (10th Cir. Nov. 4, 1996) (unpublished) (upholding filing restrictions). Because of

---

[*]    After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

those restrictions, he submitted to the district court a motion for leave to file a civil action pro se along with an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a motion to proceed *in forma pauperis* (*ifp*). In his habeas application he claimed that the respondent, Blake R. Davis, who is the warden of the penitentiary where Mr. Akers is confined, violated his First Amendment right "to send and receive mail" through "a policy and procedure of holding applicant's incoming and outgoing social mail in retaliation to and for applicant's civil filing(s) in various courts." R. at 10. He also alleged that the interference with his mail violated his right of access to the courts, which he cast as a Fifth Amendment due process claim. He asked for "injunctive relief against a rogue and clandestine policy of holding mail in retaliation by [respondent] for applicant's civil filing(s)." *Id.* at 12.

The district court reviewed Mr. Akers's filings and concluded that he was challenging the conditions of his confinement and not the legality of his custody. As such, the court construed his claims as civil rights claims and deemed his use of a habeas application improper. The court also noted that it had previously warned Mr. Akers against using a habeas application to advance conditions-of-confinement claims in order to avoid paying the filing fee, apparently because, as the court later specified, he is subject to the three-strike filing-fee strictures of 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act (PLRA) that applies to civil actions but not to habeas applications,

*see Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 779, 780 (10th Cir. 1999).[1]  Accordingly, the court denied his motion to proceed pro se, dismissed the action in accordance with its own filing restrictions, and denied as moot his motion to proceed *ifp*.

Mr. Akers then filed this appeal and sought leave from the district court to proceed *ifp* on appeal in a habeas matter.  The court denied the motion, relying on its categorization of his habeas application as a civil rights action, noting he had three strikes under § 1915(g), and observing that he had not alleged he was "under imminent danger of serious physical injury relevant to his claims," 28 U.S.C. § 1915(g), which might except him from PLRA's prepayment requirement.

This court ordered Mr. Akers to show cause why the appeal should not be dismissed for failure to prepay the entire filing fee or why PLRA does not apply to this appeal.  Mr. Akers has filed a response, and the matter is now before us.

---

[1]      In full, § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

He also has filed a motion with this court to proceed *ifp* on appeal and a merits brief.

Affording a liberal construction to Mr. Akers's pro se filings, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude that he has not satisfied the show-cause order and that this appeal is frivolous. First, he has not contested that he has accumulated at least three strikes, nor has he argued that § 1915(g)'s "imminent danger" exception applies. Second, in both his response to the show-cause order and his merits brief, he argues that the district court erred in determining that a conditions-of-confinement claim cannot be brought in a habeas proceeding. In support, he relies on the following language in *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973): "This is not to say that habeas corpus may not also be available to challenge such prison conditions." In so quoting, Mr. Akers has overlooked the qualification that immediately follows: "When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Id.* To the extent *Preiser* left open the possibility for the assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue, Mr. Akers has made no such allegations.

Moreover, this court has drawn a distinction between habeas proceedings and actions challenging prison conditions that governs here.  In *McIntosh v. United States Parole Commission*, we observed that

> although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like "condition of confinement" lawsuits, which are brought under civil rights laws.  A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.

115 F.3d 809, 811-12 (10th Cir. 1997) (citation, internal quotation marks, and alteration omitted).[2]  We further noted that "the essential nature of *all* § 2241 actions is a challenge to federal custody."  *Id.* at 812.

It is clear from the discussion in *McIntosh* that a § 2241 habeas proceeding is not a permissible means for Mr. Akers to challenge defendant's handling of his mail.  His claims do not attack the fact or duration of his confinement or present any other challenge to his federal custody.  Nor do they seek his immediate release or a shortened period of confinement.  And contrary to his argument, the

---

[2]    Although the quoted language suggests that a conditions-of-confinement claim seeks only monetary damages, it is clear that injunctive relief, such as Mr. Akers sought here, is also available.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-32, 1236 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement).

bare fact that the alleged interference with his mail occurred during his confinement does not turn his claims into an attack on the execution of his sentence; such a proposition completely swallows the distinction between the two types of claims.

Mr. Akers further relies on our unpublished decision in *Davis v. Wiley*, 260 F. App'x 66 (10th Cir. 2008), but it does not apply here. In *Davis*, this court concluded that § 2241 was not an appropriate means of challenging a court's restitution order because the prisoner had an available remedy under 28 U.S.C. § 2255. *Id.* at 68. We also denied on the merits the prisoner's § 2241 challenge to the Bureau of Prison's use of its Inmate Financial Responsibility Program to execute the restitution order. *Id.* at 68-69. Thus, we see nothing in *Davis* that might persuade us that Mr. Akers's claim regarding interference with his mail is cognizable under § 2241.

Mr. Akers also points to two extra-circuit cases, *Brown v. Plaut*, 131 F.3d 163 (D.C. Cir. 1997), and *In re Deutsch*, No. 94-5310, 1995 WL 66633 (D.C. Cir. Feb. 14, 1995) (unpublished), claiming the court in those cases permitted conditions-of-confinement claims to be brought in a habeas proceeding. In light of the contrary position this circuit expressed in *McIntosh*, we need not address those cases.

For the foregoing reasons, we conclude that Mr. Akers has not shown cause why this appeal should not be dismissed for failure to prepay the entire appellate

filing fee or why PLRA's provisions do not apply to this proceeding. We further conclude that his appeal is frivolous because "the result is obvious" and Mr. Akers's argument of error is "wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (quotation omitted). As noted, Mr. Akers advanced the same argument in his merits brief as he did in his response to the show-cause order, and his sole request for relief from this court was that we reverse and remand to the district court with instructions to allow him to proceed under § 2241.[3] It is obvious from the foregoing discussion that Mr. Akers's claims regarding the handling of his mail may not be brought in a habeas corpus proceeding, and his arguments to the contrary are wholly without merit. We therefore deny his *ifp* application, DISMISS this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and assess a strike under 28 U.S.C. § 1915(g).

Entered for the Court

John C. Porfilio
Senior Circuit Judge

---

[3] Mr. Akers also argued in his merits brief that he has a liberty interest in receiving his mail and therefore was entitled to, but did not receive, due process before being deprived of that interest. He did not advance this claim in his complaint, but even if he had, the claim does not challenge his custody and therefore is not cognizable in a habeas proceeding.