Manuel MONTANO–FIGUEROA,
Petitioner–Appellant,

v.

Joseph H. CRABTREE, Warden, FCI,
Sheridan, Respondent–Appellee.

No. 98–35087.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1998.

Decided Dec. 8, 1998.

Christopher J. Schatz, Assistant Federal Public Defender, Portland, Oregon, for petitioner-appellant.

Kenneth C. Bauman, Assistant United States Attorney, Portland, Oregon, for respondent-appellee.

Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.

PER CURIAM.

We review on this appeal a challenge to the Inmate Financial Responsibility Program (IFRP), a work-program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." *See* 28 C.F.R. § 545.10. The program provides for development of a financial plan that allows inmates to pay certain enumerated obligations, including court-ordered assessments, restitution, and fines. *Id.* § 545.11. Petitioner, a federal inmate, contends that the program impermissibly intrudes upon the sentencing court's responsibility to determine the amount and timing of fine payments. We reject that contention and affirm.

**I.**

Manuel Montano–Figueroa (Montano) pleaded guilty to charges of conspiracy to distribute drugs, filing a false tax return, possessing a firearm during a drug trafficking crime, and money laundering. He was sentenced to a fifteen-year term of imprisonment, a five-year term of supervised release, and a $100,000 fine. He was initially incarcerated at the federal prison in Texas, where he alleges he was forced to participate in the IFRP upon threat of losing privileges and preferred housing. When Montano was later transferred to a federal prison in Oregon, he

again worked and, pursuant to the IFRP, contributed part of his earnings to pay his fine.

Montano thereafter filed this 28 U.S.C. § 2241 petition, challenging the execution of his sentence. Specifically, he alleges that the prison is unlawfully "carrying out the sentencing judge's judicial function by regulating the time, dates, and amounts of installment payments." According to Montano, "*only* the sentencing judge ... can impose fines and/or restitution and determine and regulate their terms of repayment, dates of payment, amounts and whether such payments will be lump sum or by installment." The district court denied his petition.

## II.

We note initially that the IFRP has been upheld generally, *see United States v. Gomez,* 24 F.3d 924, 927 (7th Cir.1994) (prison wages may be used to pay court-ordered fines); *United States v. Williams,* 996 F.2d 231, 234 (10th Cir.1993) (prison wages may be used to satisfy restitution orders), and against constitutional due process challenges, *see Dorman v. Thornburgh,* 955 F.2d 57, 58–59 (D.C.Cir.1992); *Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.1990); *James v. Quinlan,* 866 F.2d 627, 629 (3d Cir.1989). We have implicitly endorsed the program by holding that a district court did not err in imposing a fine based on the inmate's future ability to pay the fine through the IFRP. *See United States v. Haggard,* 41 F.3d 1320, 1329 (9th Cir.1994). Other courts have similarly concluded that the amount of a fine or restitution may be based on the inmate's likely prison earnings through the IFRP. *See United States v. Fermin,* 32 F.3d 674, 682 n. 4 (2d Cir.1994); *United States v. Taylor,* 984 F.2d 618, 622 (4th Cir.1993); *United States v. Turner,* 975 F.2d 490, 498 (8th Cir.1992).

Montano nevertheless attacks the IFRP from a different angle; he contends that to allow the prison to withhold wages to pay a court-ordered fine is an improper intrusion upon the court's sentencing authority. He relies on out-of-circuit decisions where the district courts affirmatively delegated either to the prison or to a probation officer the responsibility of setting a collection schedule. Those decisions have generally held that a sentencing court cannot delegate the task, but rather itself must set the amount and timing of restitution or fine payments. *See United States v. Workman,* 110 F.3d 915, 918 (2d Cir.1997) (reversing imposition of fine that provided for payments "to be fixed by the Bureau of Prisons"), *cert. denied,* — U.S. —, 117 S.Ct. 2469, 138 L.Ed.2d 224 (1997); *United States v. Miller,* 77 F.3d 71, 78 (4th Cir.1996) (reversing delegation of authority to set the amount and timing of fine payments to either prison authorities or probation office); *United States v. Graham,* 72 F.3d 352, 357 (3d Cir.1995) (reversing sentencing court's delegation of the timing of restitution payments); *United States v. Mohammad,* 53 F.3d 1426, 1438 (7th Cir.1995) (same); *United States v. Porter,* 41 F.3d 68, 71 (2d Cir.1994) (same); *United States v. Albro,* 32 F.3d 173, 174 (5th Cir.1994) (same).

Montano urges us to adopt the underlying rationale of these cases. Most rely on 18 U.S.C. § 3572(d), providing that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments." The statute further states that "[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." 18 U.S.C. § 3572(d); *see also* 18 U.S.C. § 3663(f)(1) (similar language regarding restitution payments).

This language in § 3572(d) has been interpreted as a bar to the sentencing court's ability to delegate the task of scheduling payments. *See, e.g. Workman,* 110 F.3d at 918–19; *Miller,* 77 F.3d at 78; *United States v. Kassar,* 47 F.3d 562, 568 (2d Cir.1995). The statute has been so interpreted notwithstanding legislative history explaining that § 3572(d) " 'eliminates the ... requirement that the specific terms of an installment schedule be fixed by the court. The court is thus able to delegate the responsibility for setting specific terms to a probation officer.' " *See Workman,* 110 F.3d at 918 (quot-

ing H.R.Rep. No. 390, 100th Cong., 1st Sess., § 7 (1987), *reprinted in* 1987 U.S.C.C.A.N. 2137, 2143). According to the Second Circuit in *Workman,* the plain language of the statute contradicts, and thus overrides, this statement of congressional intent. *Id.* at 919.

We conclude that § 3572(d) is not a bar in this case to the prison's diversion of part of Montano's wages to pay his court-ordered fine. First, we have previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution. *See United States v. Barany,* 884 F.2d 1255, 1259–60 (9th Cir.1989); *United States v. Signori,* 844 F.2d 635, 642 (9th Cir.1988); *see also United States v. Fuentes,* 107 F.3d 1515, 1528 n. 25 (11th Cir.1997) (reviewing cases and concluding that "precedent clearly authorizes delegation of payment schedules"). We stated that it "is a crabbed interpretation of the statute" to require "that the district court's order include the exact amount to be paid and the manner of payment." *Signori,* 844 F.2d at 642 (interpreting former restitution statute).

Second, unlike all of the circuit authority relied upon by Montano, this case does not involve an express delegation. The judgment here sets only the amount of the fine, not the method of payment. Under § 3572(d), Montano's payment was due immediately. Because he was presumably unable to pay, the prison program provided an avenue for payment. The Seventh Circuit in *United States v. Ahmad,* 2 F.3d 245, 249 (7th Cir.1993), has endorsed a similar scheme. "If the sentence specifies the amount of restitution, without elaboration, . . . the probation officer will assess the defendant's progress toward satisfaction of his debt. . . ." *Ahmad,* 2 F.3d at 249. The court reasoned that "[e]verything works nicely without any effort to establish installments on the date of sentencing and without delegating a judicial function to the probation officer." *Id.*

## III.

Montano's primary argument is not based on § 3572(d), but rather on an alleged constitutional violation. He submits that setting the timing of restitution or fine payments, is a core function of Article III judges that may not be performed by nonjudicial officers. We have acknowledged this principal in part by holding that a sentencing court cannot delegate the task of setting the amount of restitution or fine. *See United States v. Clack,* 957 F.2d 659, 661 (9th Cir. 1992); *Barany,* 884 F.2d at 1261. Another circuit has stated that "making decisions about . . . the amount of installments, and their timing is a judicial function and therefore is non-delegable." *See United States v. Johnson,* 48 F.3d 806, 809 (4th Cir.1995).

In this instance, however, we fail to see how a constitutional issue, either an usurpation of Article III powers or a violation of the Separation of Powers Doctrine, is implicated by the events of this case. There was clearly no improper delegation of authority by the sentencing judge. Montano neither challenges the court's power to impose the fine nor does he contest that the fine is owed and was due immediately. He simply seeks to continue his current employment at the prison without making payments toward his outstanding fine obligation. We conclude that Montano has not presented a meritorious constitutional claim that prisons may not maintain work programs that require inmates to pay court-imposed fines or restitution. We accordingly affirm the denial of Montano's petition.

**AFFIRMED.**