Chris G. **ALEVRAS**, Petitioner,

v.

George **SNYDER**, Warden FCI, Forrest City, Arkansas, Respondent.

No. H–C–98–139

United States District Court,
E.D. Arkansas,
Eastern Division.

May 6, 1999.

Chris G. Alevras, Forrest City, AR, pro se.

Paula Casey, United States Attorney, by Kenneth F. Stoll, Assistant United States Attorney, Little Rock, AR, for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

The Court is in receipt of the recommended disposition of the Magistrate Judge. The Magistrate Judge recommended that the petition for writ of habeas corpus be dismissed for failure to exhaust administrative remedies. Petitioner has filed timely objections. For the reasons stated below, the recommended disposition of the Magistrate Judge is rejected. However, the petition is dismissed because Alevras has failed to allege a constitutional violation.

Alevras pled guilty bank fraud, false claims for tax returns, and being a felon in possession of a firearm and was sentenced to 87 months on two of the counts and 60 months on the third, to run concurrently. He was ordered to pay a special assessment of $100.00 and restitution in the amount of $7,500.00 to certain individuals or entities. The judgment and commitment sets out the name of the payee, and the amount of restitution to be paid each and includes a statement that the restitution is to be paid in installments according to the following schedule of payments:

Any payment that is not payment in full shall be devided [sic] proportionately among the above named entities. Restitution shall be made in full to Williamson, the Township of Irvingston and each of the financial institutions before the Payment [sic] to the IRS. Restitution payments to the IRS may be forwarded to the Financial Litigation Unit of the U.S. Attorney's Office ... It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Resposibility [sic] Program to make on [sic] any such restitution.

Alevras is currently confined at the Federal Correctional Institution in Forrest City, Arkansas. He alleges that the Bureau of Prisons (BOP) has wrongfully required him to make payments toward his fine and restitution under the Inmate Financial Responsibility Program (IFRP), a program of the BOP designed to assist an inmate meet his or her financial obligations. *See* 28 C.F.R. § 545.10–.11.

■ The government argues that Alevras has failed to exhaust his administrative remedies. The Magistrate Judge agreed, and recommended that the petition be dismissed without prejudice.

It is unclear what remedies are available for Alevras to exhaust.[1] Alevras submitted a form entitled Inmate Request to Staff Member, (referred to as a BP–8) on September 24, 1998, which he contends is the first step of the grievance procedure. He complained that the IFRP is illegal and requested that the money he paid into the IFRP be refunded and that the IFRP be discontinued. The BP–8 was returned on September 28, 1998, by the Unit Counselor who stated that the request to have money refunded was denied. The counselor further stated, "If you have any further concerns, please contact the U.S. Court in the District of New Jersey." Alevras contends that because the counselor found the

issue not to be appropriate for the Remedy Program, Alevras was not provided the necessary forms to file a formal grievance.

The government asserts that the BP–8 is not part of the Administrative Remedy Process and does not preclude an inmate from utilizing the Administrative Remedy Process. The government, however, has not refuted Alevras' contention that he did not have access to the appropriate forms once the Unit Counselor denied his request. In any event, the Court finds that exhaustion of administrative remedies would be a futile exercise. *See Mujahid v. Crabtree*, 999 F.Supp. 1398, 1401–02 (D.Or. 1998) (where inmate challenged IFRP exhaustion is futile).

■ The merits of Alevras' complaint are therefore properly before this Court. He contends that the IFRP violates 18 U.S.C. §§ 3664(f)(2) and 3572(d) and Article III.

The issue of the post-sentencing collection of fines and restitution has led to a spate of decisions recently. A number of federal inmates have raised similar arguments to those raised by Alevras, that is, allowing the prison to withhold wages to pay a court-ordered restitution is an improper intrusion upon the court's sentencing authority. They rely on a number of decisions holding that a sentencing judge may not delegate to a probation officer or other non-judicial officer the power to determine the timing or amount of installment payments for monetary penalties the court has imposed. *See Montano–Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1505, 143 L.Ed.2d 657 (1999) (*Montano*) (listing *cases* ). There appears to be a split in the circuits who have decided the issue as to whether an order directing that payment of fines or restitution under the IFRP is precluded by § 3572(d). *Com-*

---

1. The Administrative Remedy Program is set forth at 28 C.F.R. § 542.10–.19. The regulations require that an inmate first present "an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmates submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). The Warden is responsible for establishing procedures for informal resolution of inmate complaints.

*pare United States v. Mortimer,* 94 F.3d 89, 91 (2d Cir.1996) (agreeing with the Fourth Circuit that court may not delegate its authority to set the amount and timing of a defendant's restitution payments to the BOP) with *Montano,* 162 F.3d at 550 (upholding use of IFRP to pay court-ordered fine).

The Eighth Circuit appears not to have been confronted with the issue. It has, however, approved of the payment of fines through the IFRP. *See United States v. Turner,* 975 F.2d 490, 498 (8th Cir.1992) (district court did not err in concluding that defendant would be able to pay fine assessed through IFRP)

The Court is of the opinion that the most recent pronouncement on the issue, the Ninth Circuit's decision in *Montano,* is the most persuasive and adopts its reasoning. The Court is not of the opinion that this case involves an express delegation. Here, the court made findings as to the amount of restitution owed to each payee, and specifically found that the payments were to be made in installments. The IFRP provides an avenue for payment of Alevras' financial obligation. *See also Mujahid,* 999 F.Supp. at 1403–04 (not practical for district courts to be burdened with responsibilities of payment schedules and collection activities after sentencing).

Furthermore, as noted in *Montano,* the IFRP does not violate Article III. Alevras does not challenge the court's power to impose the restitution nor does he argue that the restitution is owed in the amounts set forth.

Thus, the Court finds that Alevras' participation in the IFRP does not violate § 3572(d) or Article III. Accordingly, the § 2241 petition is hereby dismissed.

IT IS SO ORDERED this 6 day of May, 1999.