**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRUCE NILES MOORE,

      Petitioner-Appellant,

v.

STATE OF UTAH; DEPARTMENT
OF CORRECTIONS; HENRY
GALETKA, Warden; UTAH BOARD
OF PARDONS; MICHAEL O.
LEAVITT, Governor; THIRD
DISTRICT COURT; WILLIAM A.
THORNE, Honorable Judge;
SUPREME COURT OF THE STATE
OF UTAH; RICHARD C. HOWE,
Honorable Chief Justice,

      Respondents-Appellees.

No. 00-4185
(D.C. No. 99-CV-575)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

---

    *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Bruce Niles Moore, a prisoner of the State of Utah appearing pro se, appeals from the denial of his petition for habeas corpus relief.  He claimed that he was unlawfully arrested while on parole because he never willingly signed the parole agreement and its restrictions did not bind him.  He also alleged a violation of his right to Due Process, if he had signed the parole agreement.  In addition, petitioner asserted claims under the Civil Rights Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), and the Freedom of Information Act (FOIA).

We first address the timeliness of petitioner's appeal.  The district court entered its order denying relief on July 20, 2000.  However, the docket sheet does not reflect that the clerk prepared a separate document setting forth the judgment in accordance with Fed. R. Civ. P. 58, and entered the judgment on the docket pursuant to Fed. R. Civ. P. 79(a).  Thus, petitioner's time to appeal has never begun to run.  See Schaefer v. Shalala, 509 U.S. 292, 302-03 (1993); Fed. R. App. P. 4(a)(1)(A).  We need not remand for entry of a judgment, however, as the separate document rule is mechanically applied in favor of appellate rights.

Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978) (per curiam).  Petitioner filed an application for a certificate of appealability in the district court which included the required notice and may serve as the functional equivalent of a notice of appeal.   See Smith v. Barry, 502 U.S. 244, 248-49 (1992).  The requirement of a judgment on a separate document is therefore deemed waived, see Bankers Trust Co., 435 U.S. at 387-88, and the appeal is deemed timely.

We next address our standard of review.  Petitioner brought his petition under 28 U.S.C. § 2241, but the district court construed the petition as one brought under § 2254.  Petitioner is challenging the execution of his sentence, however, not the validity of his conviction or sentence.  We therefore review the petition as one brought under § 2241.   See Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000) (discussing difference between §§ 2241 and 2254).  We review the district court's denial of habeas relief de novo.   Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir. 1993).

The district court did not address petitioner's application for a certificate of appealability in that court, and the application is presumed denied.   See Emergency General Order of October 1, 1996.  Petitioner must obtain a certificate of appealability in this court before he may proceed on appeal.   Montez, 208 F.3d at 867.  To do so, he must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He "can make such a showing by

-3-

demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." Montez, 208 F.3d at 869 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

The state trial court denied petitioner's claim because his parole agreement was not a commercial document, as petitioner argued, but a statement of conditions for petitioner's release before the expiration of his sentence. The state court noted that petitioner could have elected to serve his sentence instead of accepting parole. The federal district court denied petitioner's claim of a constitutional violation on the merits. The district court dismissed without prejudice petitioner's Civil Rights Act, RICO, and FOIA claims, holding that these claims were not cognizable in habeas. Based upon our review of the record, petitioner's arguments challenging the parole agreement are frivolous. We find no error, and deny petitioner's application for a certificate of appealability.

Petitioner's "Memorandum in support of the Petitioner's Claim" is construed as a motion for permission to file a supplemental brief, and is granted. Petitioner's motion for leave to proceed on appeal in forma pauperis is denied. Petitioner's application for a certificate of appealability is denied and the appeal is DISMISSED.

Entered for the Court

-4-

Wade Brorby
Senior Circuit Judge