IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31065
Summary Calendar
_____

ERIC T. SCHMIDT,

Petitioner-Appellant,

versus

U.S. DEPARTMENT OF JUSTICE; U.S. BUREAU OF PRISONS;
MARTHA JORDAN; A. POGGIEMIER,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1765
--------------------
March 18, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Eric Schmidt, federal prisoner # 24649-034, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Schmidt argues that by not specifying in his commitment order the manner and timing of restitution payments to be made during his period of incarceration, the sentencing court impermissibly delegated its judicial authority to the Bureau of Prisons (BOP) via the Inmate Financial Responsibility Plan (IFRP) in violation of Article III.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review <u>de novo</u> the district court's legal conclusions. <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 476 (2001). For the following reasons, we hold that the commitment order did not contain a delegation to the BOP; therefore, Schmidt has not established a constitutional deprivation necessary to obtain habeas relief.

Under 18 U.S.C. § 3572(d)(1), "A person sentenced to pay a fine or other monetary penalty, <u>including restitution</u>, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." (emphasis added); <u>see also</u> 18 U.S.C. § 3664(f)(2) (the court shall specify pursuant to 18 U.S.C. § 3572 the schedule according to which restitution is to be paid). The sentencing court stated only that payment of restitution was to commence while Schmidt was incarcerated. Significantly, the sentencing court did not delegate to the BOP or to any other entity the duty of establishing a payment schedule during Schmidt's period of incarceration. <u>Cf</u>. <u>United States v. Pandiello</u>, 184 F.3d 682, 688 (7th Cir. 1999) ("'[t]he restitution shall be paid . . . through the [IFRP]'"); <u>United States v. Workman,</u> 110 F.3d 915, 916 (2d Cir. 1997) ($1000 fine imposed "with payments to be scheduled '[a]t a rate to be determined by the [BOP]'"); <u>United States v. Mortimer</u>, 94 F.3d 89, 89 (2d Cir. 1996) (restitution was to be paid "according to a schedule to be determined pursuant to the [BOP]'s IFRP"); <u>United States v. Miller</u>, 77 F.3d 71, 74 (4th Cir. 1996) (fine and restitution to be paid "at such times and in such amounts as the [BOP] and/or the Probation Office may direct").

Because Schmidt's judgment set the amount of restitution only and not the method of payment, there has been no unconstitutional delegation of judicial authority.  See <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999); <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 550 (9th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1091 (1999).  Habeas relief cannot be had absent the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the United States.  <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995).  Because there has been no delegation of the sentencing court's authority in Schmidt's case, he has suffered no constitutional deprivation and is therefore not entitled to any relief on this claim.

AFFIRMED.