UNITED STATES of America,
Plaintiff—Appellee,

v.

John E. MILLER, Defendant—
Appellant.

No. 01–30109.

D.C. No. CR–90–1081–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

John E. Miller, a federal prisoner, appeals the district court's denial of his pro se "motion for temporary restraining order" requesting that the Bureau of Prisons ("BOP") be enjoined from collecting the restitution he owes out of his prison earnings. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000), *cert. denied,* 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001), we affirm.

Because Miller challenges the execution of his sentence and seeks relief against prison officials, his action must be brought as a habeas petition pursuant to 28 U.S.C.

§ 2241 and, notwithstanding his request to the contrary, we construe it as such. *See Tucker v. Carlson,* 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Montano–Figueroa v. Crabtree,* 162 F.3d 548, 549 (9th Cir.1998) (per curiam) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

The district court lacked jurisdiction to consider Miller's claims because it is located in the district of sentencing, not the district of incarceration. *See United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984). Accordingly, we vacate the district court's denial and remand with instructions for the court to dismiss the case for lack of jurisdiction or transfer it to the proper district pursuant to 28 U.S.C. § 1631. *See Miller v. Hambrick,* 905 F.2d 259, 262–63 (9th Cir.1990).

VACATED AND REMANDED WITH INSTRUCTIONS.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Miller's request for oral argument is denied, as are all other pending motions.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.