**James Franklin ROUNSAVALL, Petitioner—Appellant,**

v.

**Bernie D. ELLIS, Respondent— Appellee.**

No. 04–16135.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

James Franklin Rounsavall, Phoenix, AZ, pro se.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James C. Hair, Jr., AUSA, USPX–Office of The U.S. Attorney, Phoenix, AZ, for Respondent–Appellee.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

James Franklin Rounsavall appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the decision of the Federal Bureau of Prisons to increase his payments under the Inmate Financial Responsibility Program ("IFRP"). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

Rounsavall contends that the IFRP violates his equal protection and due process rights because his repayment schedule under the IFRP changed from $25 per quarter to $25 per month. We disagree. A valid, rational connection exists between the IFRP payment regulation and a legitimate penological interest in collecting court-ordered fines and special assessments. *See Shaw v. Murphy,* 532 U.S. 223, 229, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001); *see also Montano–Figueroa v. Crabtree,* 162 F.3d 548, 549 (9th Cir.1998) (stating that the IFRP has been upheld generally).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

162

To the extent that Rounsavall is attacking the trial court's delegation of the timing and payment schedule to the IFRP, this contention lacks merit. *See United States v. Barany,* 884 F.2d 1255, 1259–60 (9th Cir.1989) (stating that the trial court may delegate the timing and manner of restitution payments).

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.