Ronald Earl GEIGER, Petitioner,

v.

FEDERAL BUREAU OF PRISONS; J.L. Norwood, Respondents.

No. CV 06 2218 CAS (RC).

United States District Court, C.D. California.

May 11, 2007.

Ronald Earl Geiger, Adelanto, CA, pro se.

Brent A. Whittlesey, AUSA—Office of US Attorney, Los Angeles, CA, for Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

SNYDER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the habeas corpus petition and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

Petitioner Ronald Earl Geiger was convicted in the United States District Court

for the District of Alaska of malicious destruction of a vehicle used in and affecting interstate commerce in violation of 18 U.S.C. § 844(i), using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1), and possession of a destructive device in violation of 26 U.S.C. § 5861(c). *United States v. Geiger*, 263 F.3d 1034, 1036 (9th Cir. 2001).[1] "He was sentenced to life imprisonment plus a term of 30 years" and ordered to pay restitution in the amount of $17,902.97 to USAA Insurance, a private party. *Id.* The restitution was due "in full immediately," with "any unpaid portion of restitution [to] be paid during incarceration and thereafter during and as a condition of supervised release in a payment or payments to be determined by the probation officer and the U.S. Attorney." Declaration of Marisa J. Davidson ¶ 4, Exh. 1. The petitioner's judgment of conviction was affirmed on appeal. *Geiger*, 263 F.3d at 1041.

While petitioner was imprisoned in the United States Prison in Lompoc, California, he agreed to participate in the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10–545.11, and specifically agreed that commencing October 1999, 50% of his monthly UNICOR[2] pay would be paid toward his restitution. Davidson Decl. ¶ 6, Exh. 3. Subsequently, on May 11, 2004, petitioner refused to continue paying the same 50% of his monthly UNICOR pay toward his restitution, and he was placed on "IFRP refuse status." *Id.* ¶ 7, Exh. 4. Following peti-

tioner's transfer to the United States Prison in Victorville, California, petitioner refused to pay $25.00 a quarter toward his restitution, and petitioner remained on "IFRP refuse status" through at least March 22, 2006. *Id.* ¶¶ 8–9, Exhs. 5–6.

## II

On April 12, 2006, petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2241, challenging the application of IFRP to him, and on June 20, 2006, respondent answered the petition. On July 6, 2006, petitioner filed a reply or traverse.

The pending petition raises the following grounds for relief:

Ground One: "False and fraudulent misrepresentation of statutory authority for the [IFRP]."

Ground Two: "BOP's[3] IFRP usurps the judicial power of the United States and administratively enhances Petitioner's court-imposed sentence." (footnote added).

Ground Three: "The BOP, its agencies, agents and employees are breaching their fiduciary duties as trustees of Petitioner's personal trust funds."

Ground Four: "BOP, its agencies, agents and employees are unlawfully acting as debt collectors" in violation of the Fair Debt Collection Procedures Act of 1990.

Ground Five: "The BOP, its agencies, agents and employees are engaging in statutorily prohibited, unfair debt collec-

---

1. The facts underlying petitioner's convictions are: On October 18, 1993, petitioner "murdered Hank Dawson in Palmer, Alaska, by attaching a bomb to Dawson's pickup truck and blowing it up. Geiger confessed to the crime, but claimed he had been coerced into doing it by John Wheeler, who was having an affair with Dawson's wife." *Geiger*, 263 F.3d 1034.

2. UNICOR is the trade name of "Federal Prison Industries, Inc.... a statutorily-created government corporation ... whose purpose is to provide work to inmates confined in federal institutions[.]" *Coupar v. United States Dep't of Labor*, 105 F.3d 1263, 1264 (9th Cir.1997).

3. The Bureau of Prisons is abbreviated as "BOP."

tion practices" in violation of the Consumer Credit Protection Act. Petition at 3–4(b).

On September 15, 2006, petitioner filed a motion for judgment on the pleadings, and on November 13, 2006, petitioner filed a petition for writ of mandamus seeking a decision in his habeas corpus proceeding.[4] For the reasons set forth herein, petitioner's motions for judgment on the pleadings and his habeas corpus petition are denied without merit; thus, the petition for writ of mandamus is dismissed as moot.

## DISCUSSION

### III

The Inmate Financial Responsibility Program is "a work-program instituted by [BOP] to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.' The program provides for development of a financial plan that allows inmates to pay certain enumerated obligations, including court-ordered assessments, restitutions, and fines." *Montano–Figueroa v. Crabtree*, 162 F.3d 548, 548 (9th Cir.1998) (per curiam), *cert. denied*, 526 U.S. 1091, 119 S.Ct. 1505, 143 L.Ed.2d 657 (1999); 28 C.F.R. § 545.10. "Technically, participation in [IFRP] is 'voluntary'

and the BOP cannot take any assets or funds unless petitioner assents to that transaction. However, petitioner faces sanctions if he does not 'volunteer' to participate in this program, or make 'voluntary' payments in an amount to be determined by the BOP, or 'consent' to the BOP's unilateral decision to increase the amount of those required payments." *Mujahid v. Crabtree*, 999 F.Supp. 1398, 1400 (D.Or.1998), *affirmed by*, 172 F.3d 57 (9th Cir.1999) (Unpublished Disposition); 28 C.F.R. § 545.11(d).

■ The petitioner raises several challenges to IFRP in his habeas corpus petition, and the Court has tried to understand these claims although some of them are not very clear. In particular, the Court finds Ground One, which claims "[f]alse and fraudulent representation of statutory authority for [IFRP,]" with its citation to multiple other authorities, such as Program Statement 5380.07,[5] 5 U.S.C. §§ 556(d), 558(a), and 558(b), and Freedom of Information Act ("FOIA"),[6] to be unclear. However, reading Grounds Three, Four and Five together, petitioner broadly claims BOP has violated its fiduciary duty to him by unlawfully acting as a debt collector and engaging in unfair debt col-

---

**4.** Petitioner apparently also filed a petition for writ of mandamus in the Ninth Circuit, which, on February 28, 2007, denied the petition "without prejudice to the filing of a new petition if the district court has not ruled on petitioner's petition for writ of habeas corpus within 90 days."

**5.** Program Statement 5380.07 is a BOP "internal guideline," *Jacks v. Crabtree*, 114 F.3d 983, 985 n. 1 (9th Cir.1997), *cert. denied*, 523 U.S. 1009, 118 S.Ct. 1196, 140 L.Ed.2d 325 (1998); *Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir.1996), that was rescinded by Program Statement 5380.08, which BOP promulgated on August 15, 2005. *See* Davidson Decl. ¶ 10, Exh. 7.

**6.** To the extent petitioner's claim can be read as alleging a violation of the FOIA, such allegations do not state a cognizable ground for

habeas corpus relief. *See, e.g., Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 376 (D.C.Cir.2000) (petitioner's FOIA claim does not challenge duration of custody and cannot be brought by habeas corpus petition); *Moore v. Utah*, 24 Fed.Appx. 870, 871–72 (10th Cir. 2001) (Unpublished disposition) (affirming district court's dismissal of petitioner's FOIA claim as not cognizable on habeas review); *Persico v. United States Dep't of Justice*, 426 F.Supp. 1013, 1021 (E.D.Ill.1977) ("[P]etitioner has incorrectly attempted to bring a [FOIA] claim within a Title 28, 2241 action. Habeas Corpus relief would not be appropriate in such a case." (footnote omitted)), *affirmed by*, 582 F.2d 1286 (7th Cir.1978) (Unpublished Disposition).

lection practices. There is no merit to these claims.

The IFRP has been held to have been "properly enacted in accordance with the Administrative Procedures Act." *James v. Quinlan,* 866 F.2d 627, 631 (3d Cir.), *cert. denied,* 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989), and "has been upheld generally, and against constitutional due process challenges." *Montano–Figueroa,* 162 F.3d at 549 (citations omitted); *Weinberger v. United States,* 268 F.3d 346, 360 (6th Cir.2001), *cert. dismissed,* 535 U.S. 967, 122 S.Ct. 1433, 152 L.Ed.2d 377 (2002); *see also Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.) (per curiam) (BOP "has not exceeded its statutory authority, nor departed from its own regulations, by administering [IFRP,]" which is "fully consistent with [BOP's] authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation."), *cert. denied,* 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990). Moreover, IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts." *Johnpoll,* 898 F.2d at 850; *see also James,* 866 F.2d at 630 (IFRP "would appear to be reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility."); *Phillips v. Booker,* 76 F.Supp.2d 1183, 1192 (D.Kan.1999) ( [T]he Attorney General has been given statutory authority to provide for the proper government, discipline, treatment, care, rehabilitation, and reformation of all federal inmates. The specific statutory authority has, in turn, been delegated to the [BOP] .... [¶] The [IFRP] ... falls within the [BOP's] authority to provide for reha-

bilitation and reformation of federal inmates.... (citations and internal quotation marks omitted)).

■ The petitioner's general claims to the contrary provide no grounds to deviate from past precedent. For instance, although petitioner claims in Grounds Four and Five that BOP has violated the Fair Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001–3008, and Section 1692g of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1692g, neither is applicable to IFRP. Here, petitioner was ordered to pay restitution to USAA Insurance, a private entity, under the Victim and Witness Protection Act ("the Victim Act"), 18 U.S.C. § 3663(f)(1)(1993), and the FDCPA[7] "does not affect the government's capacity under the [Victim Act] to collect restitution owed to private parties." *Goist v. United States Bureau of Prisons,* 2002 WL 32079467, *2 (D.S.C.), *affirmed by,* 54 Fed.Appx. 159 (4th Cir.), *cert. denied,* 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). Similarly, CCPA is inapplicable because BOP is not a "debt collector" within the meaning of CCPA and federal criminal restitution is not a "debt" under CCPA. *See* 15 U.S.C. § 1692a(5), (6)(C); *United States v. Morgan,* 2006 WL 2168173, *6 n.7 (N.D.Ind.); *see also Eidson v. Harper,* 2004 WL 2976675, *4 (N.D.Tex.) (CCPA "excludes United States employees from the definition of 'debt collectors'"; therefore, inmate's CCPA challenge to the IFRP is without merit), *adopted by,* 2005 WL 106570 (N.D.Tex.); *Goist,* 2002 WL 32079467 at *2 ("CCPA only applies to debts 'of a consumer to pay money arising out of a transaction in which ... the sub-

---

**7.** FDCPA sets forth the "exclusive civil procedures" for the United States to recover a judgment that is owing to the United States on account of restitution. *United States v. Mays,* 430 F.3d 963, 965 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1416, 164

L.Ed.2d 113 (2006); *see also United States v. Rostoff,* 164 F.3d 63, 69 (1st Cir.1999) ("[O]nly restitution debts owed *to the United States* may be collected via the FDCPA." (emphasis in original)).

ject of the transaction [is] primarily[ ] personal, family, or household' " and inmate's restitution debt does not fit within this description.).

## IV

In Ground Two, petitioner claims IFRP "usurps the judicial power of the United States and administratively enhances Petitioner's court-imposed sentence" because "[t]he district courtfailed [sic] to set a payment schedule for paying restitution...."[8] Petition at 3–3a. In support of his claim, petitioner cites *Gunning I*, and in that regard, petitioner's reliance is misplaced. In *Gunning I*, the Court of Appeals considered the Mandatory Victims Restitution Act ("MVRA"), which substantially modified the Victim Act, *United States v. Baggett*, 125 F.3d 1319, 1321–22 (9th Cir.1997), and determined that under MVRA, "the district court is ultimately responsible for setting a schedule for making restitution." *Gunning I*, 339 F.3d at 949 (footnotes omitted); *see also United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir.2005) ("*Gunning II*") ("[I]n *Gunning I* we held, in reliance on [MVRA] § 3664(f)(2), ... that restitution payments cannot be delegated." (footnote omitted)). The restitution order considered in *Gunning I* was similar to the restitution order in this case in that both orders required

immediate payment in full but further provided that "any remaining unpaid portion of restitution" should be paid later, either during incarceration or as a condition of supervised release as directed by the probation officer or others. *Compare Gunning I*, 339 F.3d at 950 *and* Davidson Decl. ¶ 4, Exh. 1. However, MVRA was enacted on April 24, 1996—after petitioner committed the crimes underlying his convictions, Davidson Decl. ¶ 4, Exh. 1, and, as such, it is not applicable on ex post facto grounds to crimes committed prior to its enactment. *United States v. Montgomery*, 384 F.3d 1050, 1064 (9th Cir.2004) (quoting *United States v. Grice*, 319 F.3d 1174, 1177 (9th Cir.), *cert. denied*, 539 U.S. 950, 123 S.Ct. 2625, 156 L.Ed.2d 641 (2003)). Thus, MVRA is not the basis for petitioner's restitution order, and *Gunning I* is not controlling.[9]

Rather, the basis for petitioner's restitution order was the Victim Act, which provided that "[t]he court may require that [the] defendant make restitution under this section within a specified period or in specified installments." 18 U.S.C. § 3663(f)(1) (1993). The Victim Act, unlike MVRA, "did not expressly state that the court must set the terms of repayment in the restitution order." *United States v. Prouty*, 303 F.3d 1249, 1254 n. 3 (11th

---

**8.** Initially, to the extent petitioner's claim is an attack on the district court's restitution order, it should have been made on direct appeal. *See*, e.g., *United States v. Gunning*, 339 F.3d 948, 949–50 (9th Cir.2003) (*"Gunning I"*) (per curiam) (addressing on direct appeal defendant's challenge to restitution order as improper delegation of district court authority). On the other hand, to the extent petitioner's claim challenges BOP's execution of his sentence, the claim is cognizable in this Section 2241 proceeding. *See*, e.g., *Montano–Figueroa*, 162 F.3d at 549–50 (challenge to IFRP as improper intrusion upon sentencing court's authority may be brought under § 2241); *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir.2002) ("The ... claims of the

petitioners challenging the IFRP's payment schedule for their respective financial obligations ... concern the execution of [their] sentence[s], and are therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out."); *Mujahid*, 999 F.Supp. at 1401–04 (holding § 2241 petition is proper when petitioner, who declined to participate in IFRP challenges IFRP requirements as conflicting with sentence and usurpation of judicial authority).

**9.** Indeed, *Gunning I* addresses 18 U.S.C. § 3664(f)(2), which was not a part of Section 3664 when petitioner's crimes occurred. *See* 18 U.S.C. § 3664 (1993).

Cir.2002). Thus, in considering 18 U.S.C. § 3572(d),[10] which has language similar to the Victim Act, the Ninth Circuit held the sentencing court could delegate the task of scheduling payments. *Montano–Figueroa*, 162 F.3d at 549–50. In reaching this conclusion, the Ninth Circuit specifically rejected the rationales of the Second and Third Circuit Courts of Appeals, which held the Victim Act did not permit a district judge to delegate the timing of restitution payments. *Id.*; *see*, e.g., *United States v. Graham*, 72 F.3d 352, 356–57 (3d Cir.1995), *cert. denied*, 516 U.S. 1183, 116 S.Ct. 1286, 134 L.Ed.2d 230 (1996); *United States v. Porter*, 41 F.3d 68, 71 (2d Cir. 1994). Moreover, prior to the enactment of MVRA, the Ninth Circuit had "previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution." *Montano–Figueroa*, 162 F.3d at 550 (citing *United States v. Barany*, 884 F.2d 1255, 1259–60 (9th Cir.1989), *cert. denied*, 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771 (1990) and *United States v. Signori*, 844 F.2d 635, 642 (9th Cir.1988)).[11]

Since petitioner was sentenced under the Victim Act rather than MVRA, this Court concludes petitioner's unauthorized delegation claim in Ground Two is without merit. *Montano–Figueroa*, 162 F.3d at 549–50; *see also Weinberger*, 268 F.3d at 359–61 ("[T]he district court acted properly [under the Victim Act] by setting the total amount of restitution [defendant] is required to pay and by delegating the schedule of payments to the Probation Office.... [The] sentencing court does not abrogate its judicial authority when it delegates the setting of a restitution-payment schedule to the defendant's probation officer, provided that the court first establishes the amount of restitution." Moreover, "[f]or similar reasons, ... the district court did not improperly delegate the scheduling of [defendant's] restitution payments while in prison to [BOP] through the IFRP." (citation and internal quotation marks omitted)); *Phillips*, 76 F.Supp.2d at 1191 (applying rationale of *Montano–Figueroa* to court-ordered restitution under the Victim Act, and holding "IFRP provides an appropriate avenue for payment of petitioner's court-ordered financial obligation" and district court did not improperly delegate to BOP the duty of setting payment schedule for restitution).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the ha-

---

**10.** In *Montano–Figueroa*, the Ninth Circuit set forth the relevant statutory language:

> 18 U.S.C. § 3572(d) [ ] provid[es] that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments." The statute further states that "[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule."

*Montano–Figueroa*, 162 F.3d at 549 (quoting 18 U.S.C. § 3572(d)).

**11.** *Barany* discussed both the Federal Probation Act ("FPA"), former 18 U.S.C. § 3651, which was repealed effective November 1, 1987, and the Victim Act, while *Signori* applied only the FPA. *See Barany*, 884 F.2d at 1260 ("[O]nce the court has fixed the maximum amount of restitution, the Probation Act permits delegating authority to the probation office to determine the timing and manner of payments.").

beas corpus petition and dismissing the action with prejudice.

April 10, 2007.