**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON LEE CAUDLE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00038-2)

Submitted: December 19, 2007          Decided: January 10, 2008

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Jonathan A. Vogel, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lee Caudle appeals his jury convictions and forty-eight month sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2000); aiding and abetting aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2000); bank fraud, in violation of 18 U.S.C. § 1344 (2000); and theft or receipt of stolen mail matter, in violation of 18 U.S.C. § 1708 (2000). Caudle asserts the district court erred in denying his motion to suppress and in calculating the intended loss under the Sentencing Guidelines.[1] Caudle filed a pro se supplemental brief in which he makes a series of claims regarding his sentence and the Inmate Financial Responsibility Program. Because our review of the record discloses no reversible error, we affirm.

Caudle contends the district court erred in denying his motion to suppress a checkbook seized from his person during his arrest. Caudle asserts he was under arrest at the time of the seizure, but the arresting officer lacked probable cause to support such an arrest. Alternatively, if the seizure is deemed to have occurred during a Terry[2] stop, Caudle contends that the officer's patdown search for weapons did not permit him to remove the checkbook from Caudle's pocket. However, Caudle fails to address

---

[1] Counsel notes he is presenting the latter claim pursuant to Anders v. California, 386 U.S. 738 (1967).

[2] Terry v. Ohio, 392 U.S. 1 (1968).

the fact that the district court ultimately denied the motion to suppress on the ground that it was untimely raised. Pursuant to Fed. R. Crim. P. 12(b)(3), a motion to suppress evidence must be made before trial. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to preserve the issue amounts to waiver under Rule 12(e); however, a district court may grant relief from a waiver for good cause. See United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995). In his brief on appeal, Caudle has made no attempt to demonstrate sufficient cause; therefore, he has waived this assignment of error. See 4th Cir. R. 34(b). We therefore decline to consider whether the seizure of the checkbook was incident to a lawful arrest.

Caudle's next claim is that the district court's sentencing determination of the intended loss was improper because it encompassed more than what was contemplated within the duration of the conspiracy. According to the presentence report ("PSR"), Caudle successfully passed two stolen checks totaling $336.10 before he was arrested following an unsuccessful attempt to pass a check in the amount of $300.72. While the three checks used by Caudle had an average worth of $212.27, there were another 195 blank stolen checks in his possession; accordingly, the probation officer found there was potential for an additional loss of $41,392.65, for a total estimated loss of $42,029.47. While Caudle objected to the use of a loss amount calculation that reflected a

hypothetical loss rather than the actual loss associated with his one-day involvement in the conspiracy, the district court overruled the objection and applied a six-level offense level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1)(D) (2006).

While issues regarding the definition of "intended loss" are reviewed de novo, the district court's estimation of the intended loss is reviewed for clear error. See United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998). In determining the loss amount for sentencing purposes, the court may use the intended loss if that amount is more than the actual loss. USSG § 2B1.1, comment. (n.3(A)). Intended loss is defined as the pecuniary harm that was intended to result from the offense. Id. Based on the evidence presented, the district court needed only to make a "reasonable estimate" of the loss. USSG § 2B1.1, comment. (n.3(C)). A district court's inclusion of blank checks in the determination of intended loss is acceptable for sentencing purposes, as the loss with respect to non-negotiated instruments may be estimated by calculating the average loss of the negotiated instruments. See United States v. Robbio, 186 F.3d 27, 43-44 (1st Cir. 1999); United States v. Chappell, 6 F.3d 1095, 1101 (5th Cir. 1993).

While Caudle notes that the district court's calculation of the intended loss amount was far greater than the actual loss

amount in this case, intended loss is not limited to the possible or probable; rather, district courts are permitted to use intended loss to calculate a defendant's sentence "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." United States v. Miller, 316 F.3d 495, 501-502 (4th Cir. 2003). The district court's calculations were accurate, and the court did not err by including the estimated value of the blank checks possessed by Caudle. Accordingly, we find that the district court appropriately applied a six-level offense level increase under USSG § 2B1.1(b)(1)(C).

In his pro se supplemental brief, Caudle's first claim is that the district court erred by delegating authority to the Bureau of Prisons ("BOP") to set the timing and payment amount of his criminal monetary penalties through the Inmate Financial Responsibility Program ("IFRP"). A district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions. United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996). "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." Id. at 78; see also 18 U.S.C. § 3572(d). In this case, the district court did set the amount and timing of the criminal monetary penalties by

ordering payment due immediately.  Furthermore, participation in the IFRP does not violate <u>Miller</u>.  <u>See</u> <u>Matheny v. Morrison</u>, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine) (citing <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999), and <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 549-50 (9th Cir. 1998)).  Therefore, Caudle's claim is without merit.

In his second claim, Caudle contends that the district court erred in denying his motion for a downward departure. However, the district court's refusal to depart below the Sentencing Guidelines range is not reviewable on appeal, as the court gave no indication that it failed to recognize its authority to depart.  <u>See</u> <u>United States v. Cooper</u>, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases from five circuits discussing rule post-<u>Booker</u>); <u>United States v. Quinn</u>, 359 F.3d 666, 682 (4th Cir. 2004) (citing <u>United States v. Bayerle</u>, 898 F.2d 28, 30-31 (4th Cir. 1990), and expressing rule in this Circuit pre-<u>Booker</u>). Therefore, Caudle's claim must fail.

Finally, Caudle claims that the district court erred in calculating his criminal history score.  Caudle notes that the PSR assigned him one criminal history point for his November 2005 state convictions for driving while his license was revoked, expired inspection, expired registration, and operating a vehicle without

insurance; Caudle was sentenced to fourteen days imprisonment for these violations. Caudle contends that "many circuits" have held that operating a vehicle without insurance is equivalent to driving without a license and that he should not have been given a point for this conviction. However, even if Caudle is correct, this matter is irrelevant in terms of his criminal history category and sentence. According to the PSR, Caudle had six convictions that qualified under USSG § 4A1.1(c), with a point assigned for each conviction; however, only a maximum of four points may be counted under § 4A1.1(c). Accordingly, even if Caudle's driving offenses were not given a criminal history point, he would still have a total of four points under § 4A1.1(c) and would have been assigned to the same criminal history category. Therefore, Caudle's claim is meritless.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Caudle's convictions and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED