**BLD-021**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2992
_____

MARK JORDAN,
                                                Appellant
v.

WARDEN RONNIE HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00883)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2012
Before:   SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 14, 2012)
_____

OPINION
_____

PER CURIAM

Mark Jordan, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  There being no substantial question presented on appeal, we will summarily

affirm.

I.

Jordan was convicted of two different crimes in separate jurisdictions. He was ordered to pay restitution in both cases, and in one case he was ordered to pay a fine.[1] Neither sentencing court implemented a payment schedule, ordering instead that he make payment immediately. (Dkt. No. 1, ¶¶ 4, 5.)

Jordan agreed to participate in the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11, though he claims he did so "under duress and threat of . . . sanctions." (Dkt. No. 1, ¶ 7.) He made his first payment in March 2012, with the next payment scheduled for June. He filed his § 2241 petition in May, claiming that the Bureau of Prisons ("BOP") was improperly forcing him to participate in the IFRP, and that he did not intend to make the June payment. He stated that he would rather bear the "sanctions" of non-participation. (Id.) Jordan argued that the BOP did not have statutory authority to implement the IFRP, and that the IFRP violated the Fair Debt Collection Practices Act. (Id. ¶¶ 8, 9.) He requested injunctive relief prohibiting the BOP from forcing him to participate in the IFRP, or from otherwise scheduling and making court-ordered payments. (Id. ¶ 12.)

The District Court dismissed the petition pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, because it "plainly appear[ed]" that Jordan "was not entitled to relief . . . ." (Dkt. No. 6, p. 1.) The District Court noted that he voluntarily

---

[1] Jordan must pay a total of $12,363.00.

entered the IFRP, and could also voluntarily withdraw.  Though withdrawal from the

IFRP would "impact Jordan's access to privileges," the District Court determined that it

would not violate any of his constitutional rights.  (Dkt. No. 6, p. 3.)  Jordan's subsequent

motion for reconsideration was denied, (Dkt. No. 12), and he timely appealed (Dkt. No.

14).

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Jordan's challenge to the

BOP's execution of his sentence was properly brought pursuant to 28 U.S.C. § 2241.

McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010).  We review a district court's

denial of a habeas petition de novo, exercising plenary review over its legal conclusions

and applying a clearly erroneous standard to its findings of fact.  O'Donald v. Johns, 402

F.3d 172, 173 n.1 (3d Cir. 2005.)  We may summarily affirm the decision of the District

Court if no substantial question is presented on appeal.  3d Cir. LAR 27.4 and I.O.P. 10.6.

The IFRP is lawful and participation in it is strictly voluntary.  James v. Quinlan,

866 F.2d 627, 631 (3d Cir. 1989); United States v. Boyd, 608 F.3d 331, 334 (7th Cir.

2010).  Prisoners are not entitled, constitutionally or otherwise, "to any of the benefits

agreeing to participate in the IFRP would provide, such as a work detail outside the

prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond

the maintenance pay level."  United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir.

2008).  The consequences of choosing not to participate in the IFRP do not amount to

constitutional violations.  See id.

3

Jordan concedes that he has no constitutional claims. (Arg. in Supp. of Appeal, p. 5.) He argues that the BOP does not have statutory authority to implement the IFRP. (Id.) However, as we have already pointed out, participation in the IFRP is voluntary. The BOP only "implements" the IFRP after a prisoner has chosen to participate in it. Jordan cannot be heard to complain about the "unlawful action of scheduling [his] restitution payments" after he elected participation in the IFRP. (Id. p. 7.) We therefore agree with the District Court that Jordan's § 2241 petition was meritless.[2]

### III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[2] We also agree with the District Court's determination that the Fair Debt Collection Practices Act does not apply to the IFRP. (Dkt. No. 6, p. 4 n.4 (citing Geiger v. Fed. Bureau of Prisons, 487 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2007).)