**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL JOHN VONDETTE,

               Petitioner - Appellant,

v.

JACK FOX,

               Respondent - Appellee.

No. 14-55531

D.C. No. 2:13-cv-07351-DSF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Michael John Vondette appeals pro se from the district

court's denial of his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's decision to deny a

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

section 2241 habeas petition, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Vondette contends that the sentencing court was prohibited from delegating to the Bureau of Prisons the task of establishing the time and manner in which he was required to pay his court-imposed fines. Vondette's argument is foreclosed by *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998) (per curiam). The cases upon which Vondette relies, holding that 18 U.S.C. § 3664(f)(2) of the Mandatory Victims Restitution Act prohibits the delegation of restitution payment schedules, are inapposite. *See United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) (distinguishing *Montano-Figueroa*'s analysis of fine payments under 18 U.S.C. § 3572(d) from restitution payments under § 3664(f)(2)). Vondette's reliance on *Southern Union Co. v. United States*, 132 S. Ct. 2344 (2012), is also misplaced, as that case does not address a sentencing court's ability to delegate fine payment schedules.

**AFFIRMED.**

14-55531